IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-CR-10-TCK |
| ) | |
| NATHANIEL P. HELM, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant's 28 U.S.C. § 2255 motion (Doc. 86), which raises similar issues to the motion filed by his co-Defendant Thomas Weaver. With respect to Weaver's motion, the United States files a Motion to Stay Litigation Pending the Tenth Circuit's Decision in *United States v. Hopper* (Doc. 85). The United States has not formally requested a stay of Defendant Helm's motion. However, because both § 2255 motions raise similar issues, the Court construes the motion to stay filed in Weaver's case (Doc. 85) as being asserted as to Defendant Helm's § 2255 motion. For reasons explained below, the Court denies the motion.

**I.      Background**

Defendant pled guilty to two violations of 18 U.S.C. § 924(c), which criminalizes, in relevant part, using or carrying a firearm during and in relation to a "crime of violence," as that term is defined in 18 U.S.C. § 924(c)(3)(A) & (B). The underlying "crimes of violence" forming the basis of Defendant's § 924(c) convictions were Hobbs Act robberies under 18 U.S.C. § 1951. Defendant filed a 28 U.S.C. § 2255 motion (Doc. 86), challenging his § 924(c) convictions on grounds that § 924(c)(3)(B) is invalid under the reasoning of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (holding that similar language in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague).

The United States moved to stay this § 2255 proceeding pending the outcome of *United States v. Hopper*, Tenth Circuit Case No. 15-2190. *Hopper* presents the issue of whether *Johnson* results in invalidation of 18 U.S.C. § 924(c)(3)(B). The United States moved for stays pending the outcome of *Hopper* ("*Hopper* motions") in those § 2255 proceedings in this district presenting a *Johnson* challenge to a § 924(c) conviction.[1]

## II.   Standard

In civil cases, the Tenth Circuit has ruled that "[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). This rule vindicates the underlying principle that a party's right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). A criminal defendant's right to proceed on a § 2255 motion is equally if not more important than a civil litigant's right. *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (explaining that "habeas proceedings implicate special considerations that place unique limits on a district court's authority

---

[1] Other judges in this district granted *Hopper* motions either without explanation or in furtherance of judicial economy. *See, e.g., United States v. Wright*, 12-CR-197-GKF, Doc. 216 (minute order); *United States v. Usher*, 93-CR-114-JHP, Doc. 29 (minute order); *United States v. Myers*, No. 12-CR-0196-02-CVE, 2016 WL 4479489, at *8 (N.D. Okla. Aug. 24, 2016) ("[I]n the interest of judicial economy, this claim of defendant's § 2255 motion should be stayed. It would be a waste of judicial resources for this Court to decide an issue that is likely to be resolved in an appeal pending before the Tenth Circuit."); *United States v. Gregory*, 07-CR-73-JED, Doc. 41 ("[I]n the interest of judicial economy, this claim of defendant's § 2255 motion should be stayed. It would be a waste of judicial resources for this Court to decide an issue that is likely to be resolved in an appeal pending before the Tenth Circuit.").

to stay a case in the interests of judicial economy"). Accordingly, if the United States cannot satisfy the above-quoted standard, it is certainly not entitled to a stay in this habeas proceeding.

**III.   Analysis**

The United States failed to meet its burden for staying these proceedings pending the outcome of *Hopper*. Defendant's § 2255 motion presents a threshold question of whether the companion crimes to Defendant's § 924(c) convictions qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Nguyen*, No. 16-CV-1231-JTM, 2016 WL 4479131, at *3 (D. Kan. Aug. 25, 2016) (denying § 2255 motion challenging § 924(c)(3)(B) on grounds that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)); *United States v. Melgar-Cabrera*, Case No. 09-2962, slip op. (D.N.M. August 24, 2015) (same); *see also In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (denying authorization to file second or successive habeas petition challenging constitutionality of § 924(c)(3)(B) because Hobbs Act robbery violations, as alleged in the Indictment, satisfied § 924(c)(3)(A)). Regardless of the outcome of *Hopper*, the Court likely must consider § 924(c)(3)(A) as a possible basis for upholding the convictions before addressing the constitutionality of § 924(c)(3)(B).

Further, as this Court has previously expressed, it has concerns about staying § 2255 proceedings solely in the interest of "judicial economy" pending the outcome of a decision by a higher court. *See United States v. Daugherty*, No. 07-CR-87-TCK, 2016 WL 4442801, at *4 (N.D. Okla. Aug. 22, 2016) (citations omitted) (denying motion to stay pending United States Supreme Court's decision in *Beckles v United States*, which presents issue of retroactivity of *Johnson* rule as applied to sentencing guidelines); *United States v. Fisher*, No. 00-CR-33-TCK, 2016 WL 4442800, at *3 (N.D. Okla. Aug. 22, 2016) (same). In those cases, the Court reached the merits of the

retroactivity issue notwithstanding *Beckles*, held the rule did apply retroactively, and released both defendants from prison.[2]  Assuming judicial economy could justify a stay, it is not certain that judicial economy will ultimately be furthered.  The Court could stay the proceedings but then resolve the case on grounds unrelated to *Hopper*.

**IV.    Conclusion**

The Government's Motion to Stay Litigation Pending the Tenth Circuit's Decision in *United States v. Hopper* (Doc. 85), which the Court construes as apply to Defendant Helm, is DENIED.

The United States is ordered to file a response to Defendant's § 2255 motion addressing whether the companion crimes to Defendant's § 924(c) convictions qualify as crimes of violence under § 924(c)(3)(A) and any other threshold issues.  If necessary, the United States will be given further opportunity to address the constitutionality of § 924(c)(3)(B), and that issue need not be addressed at this time.  The brief shall be filed no later than December 16, 2016.

**DATED THIS 18th day of October, 2016.**

**TERENCE KERN**
**United States District Judge**

---

[2] To the Court's knowledge, other judges in this district granted *Beckles* motions in the interest of judicial economy.