IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-10-01-TCK |
| | ) | |
| NATHANIEL P. HELM, | ) | |
| | ) | |
| Defendant. | ) | |

___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00-CR-10-02-TCK |
| | ) | |
| THOMAS WEAVER, | ) | |
| | ) | |
| Defendant. | ) | |

___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-182-01-TCK |
| | ) | |
| KENNETH ANTONIO BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are 28 U.S.C. § 2255 ("§ 2255") motions filed by the following three Defendants: Nathaniel Helm, Thomas Weaver, and Kenneth Butler ("Defendants"). The Court directs the Court Clerk to file this Opinion and Order in each case number listed above.

**I.     Background**

Defendants Weaver, Helm, and Butler pled guilty to violations of 18 U.S.C. § 924(c)(1)(A), which criminalizes, in relevant part, using or carrying a firearm during and in relation to a "crime of violence," as that term is defined in 18 U.S.C. § 924(c)(3)(A) & (B). Defendants filed § 2255 motions challenging their § 924(c) convictions on grounds that the definition of "crime of violence" in § 924(c)(3)(B) is unconstitutional based on reasoning in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (holding that certain language in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague) ("*Johnson*"). The rule announced in *Johnson* was made retroactive to cases on collateral review. *See Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

In all three cases, the Court declined to stay the proceedings. Instead, the Court ordered the United States to respond to the § 2255 motions addressing whether Defendants' § 924(c) convictions alternatively qualify as crimes of violence under § 924(c)(3)(A) and/or any other threshold issues. The Court explained that the United States would be given further opportunity to address the constitutionality of § 924(c)(3)(B) if necessary at a later time. In all cases, the United States filed response briefs arguing, *inter alia*, that the motions were barred by provisions in Defendants' plea agreements wherein Defendants waived their right to collaterally attack their sentences ("Waivers").[1]

---

[1] Defendant Helm's motion was not filed within one year of the *Johnson* decision. However, Defendant filed a declaration, pursuant to 28 U.S.C. § 1746, that he gave his motion to prison officials on June 23, 2016, with prepaid first class postage. (*See* 00-CR-10, Doc. 86 at 16; *see also* Doc. 87.) The United States did not substantively contest this prison-mailing issue and instead argued for dismissal on other grounds. The Court accepts Defendant Helm's declaration, deems his motion timely mailed, and proceeds to the United States' waiver argument. This issue is distinct from the more substantive "timeliness" arguments raised in Section B of the United States' response brief. (*See* 00-CR-10, Doc. 93 at 7-12).

**II.     Analysis**

The Tenth Circuit has held that *Johnson* errors do not fit into the "miscarriage of justice" exception (or any other exception) to the general rule of enforceability applicable to a defendant's waiver of collateral-attack rights in a written plea agreement. *See United States v. Frazier-LeFear*, 665 F. App'x 727, 732-33 (10th Cir. Dec. 15, 2016) (affirming dismissal of § 2255 motion based on collateral-rights waiver and abrogating the undersigned's decision in *United States v. Daugherty*, Case No. 07-CR-87, 2016 WL 4442801 (N.D. Okla. Aug. 22, 2016), in which this Court relied upon miscarriage of justice exception to permit a defendant's *Johnson*-based § 2255 challenge). The Tenth Circuit's decision in *Frazier-LeFear* is directly on point as to these Defendants' challenges. Therefore, Defendants' § 2255 motions are barred by the Waivers, and their § 2255 motions are dismissed.

**III.    Certificate of Appealability**

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that certificates of appealability should not issue in any of the three cases. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues differently. A certificate of appealability shall be denied.

**IV.     Conclusion**

Based on the declaration in Defendant Helm's original motion, the Court deems the original motion submitted within one year of the *Johnson* decision. *See* Fed. R. App. 4(c)(1)(A)(i); *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). Defendant Helm's Motion for Leave to File Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (00-CR-10-01, Doc. 87) is therefore DENIED as moot.

Defendants' § 2255 motions are DISMISSED due to the Waivers in their respective plea agreements:

*U.S. v. Helm*, 00-CR-10-01-TCK (Doc. 86):  DISMISSED

*U.S. v. Weaver*, 00-CR-10-02-TCK (Doc. 80):  DISMISSED

*U.S. v. Butler*, 04-CR-182-01-TCK (Doc. 249):  DISMISSED

The Court will enter Judgments of Dismissal in each case.

**SO ORDERED** this 22nd day of August, 2017.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**