IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 00-CR-10-TCK |
| NATHANIEL HELM, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the Defendant Nathaniel Helm's ("Helm") Second Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 132). On August 11, 2023, the Government filed its Response in Opposition (Doc. 134).

Helm seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Helm's § 3582(c)(1)(A) second motion based on the contention that Helm is not eligible for compassionate release. *Id.* Specifically, the Government argues that Helm's claims do not constitute "extraordinary and compelling reasons" warranting relief, and that Helm still poses a danger to the safety of the community (Doc. 134).

**I. Background**

In 2000, Helm conspired with Thomas Weaver to commit a string of armed robberies throughout Tulsa. (PSR at ¶15). After an indictment charged him with multiple substantive robberies, § 924(c) violations arising from those robberies, and conspiracy to commit other robberies, Helm pleaded guilty to two of the § 924(c) violations, pursuant to a plea agreement under which the government agreed to dismiss the remaining counts, including another § 924(c)

violation. (Doc. 26 at 14, 17). Applying the then-applicable statutory minimums, this Court sentenced Helm to 32 years of imprisonment, based on consecutive terms of 7 years for the first § 924(c) conviction, and 25 years for the second. (Doc. 52). The Tenth Circuit affirmed Helm's convictions. *United States v. Helm*, 232 F.3d 902 (Table) (10th Cir. 2000) (unpublished). In 2016, Helm filed a § 2255 motion based on *Johnson v. United States*, 576 U.S. 591 (2015); this Court dismissed it as waived under Helm's plea agreement. (See Docs. 86, 95).

The Bureau of Prisons deemed Helm ineligible for compassionate release. Helm requested compassionate release from the warden of his facility on March 31, 2020. Id. at 23. After considering Helm's request, the warden at his facility declined to file a motion for compassionate release on his behalf because he listed none of the recognized criteria for compassionate release.

On August 31, 2020, Helm filed his first motion for reduction of sentence. (Doc. 101). While that motion was pending, the Tenth Circuit decided *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) holding that an extraordinarily long sentence based on § 924(c) stacking combined with other factors could constitute an extraordinary and compelling reason for a sentence reduction. *Id*. at 834. Applying *Maumau,* this Court denied Helm's motion under the § 3553(a) factors, citing Helm's offense conduct and disciplinary conduct while incarcerated. Helm has currently served approximately 23 years of his sentence.

**II. Applicable Law**

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify
> a term of imprisonment once it has been imposed except that—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.C. § 3582(c)(1)(A) (emphasis added).

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id*.; See also, *United States v. Maumau*, 993 F.3d . 821 (10th Cir. 2021).

### III. Analysis

As the Tenth Circuit has recognized, this Court has the discretion to reduce a defendant's § 924(c) sentence under the First Step Act's amendments to the compassionate release provisions of § 3582(c)(1)(A). See *United States v. Maumau*, 993 F.3d 821, 834 (10th Cir. 2021). However, in deciding whether to exercise its discretion under § 3582(c)(1)(A), in addition to an "individualized review of all the circumstances," the Court must consider the § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); *Maumau* at 831, 837 (noting court must consider § 3553(a) factors

before granting § 3582(c)(1)(A) sentence reduction and affirming because "district court's decision indicate[d] its finding of 'extraordinary and compelling reasons' was based on its individualized review of all the circumstances of *Maumau's* case").

The § 3553(a) factors include, "among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Barnes*, 2021 WL 2026451, *3 (N.D. Okla. May 21, 2021).

Here, Helm's situation shares three of the characteristics that the Tenth Circuit agreed were extraordinary and compelling in *Maumau:* Helm was 17 years old at the time of the offense conduct, he received an extraordinarily long sentence based on § 924(c) stacking, and because of the First Step Act's changes to those stacking provisions, he would face a significantly shorter sentence if sentenced today. Accordingly, this Court may exercise its discretion to reduce Helm's sentence.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id*. Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id*. at

1242.[1] See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Looking to the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), Helm recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation since the denial of his first motion. During this time, Helm has worked on self-development and personal growth having completed the Challenge Program and over 80 hours of classes and programs in an array of subjects offered by the Bureau of Prisons ("BOP"). In the last five years, Helm has had one infraction for using email to curse at staff documented in April of 2021, and has no positive drug tests. He has been moved from a high security facility to a medium, and is a suicide inmate observer and suicide companion. He has also provided evidence of disaffiliating with the gang. BOP records reflect his GED requirement as being satisfied in 1998.

---

[1] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id*.

### IV. Conclusion

Considering Helm's conviction at a relatively young age, the disparity of sentence between his sentence and those sentenced for similar crimes after the First Step Act, and his rehabilitation efforts, the Court finds extraordinary and compelling circumstances which form the basis for relief. Therefore, the Court finds that a reduction under § 3582(c)(1)(A) to a sentence of time served plus 13 days is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

**IT IS THEREFORE ORDERED** that defendant's Motion for Compassionate Release (Doc. 132) is **granted**. Defendant's sentence is hereby reduced to **time served plus 13 days as to Count Four and time served as to Count Six, to run consecutively to Count Four**. It is the intention of the Court that defendant be released on September 13, 2023. The Bureau of Prisons is directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma expeditiously.

**IT IS FURTHER ORDERED** that defendant's term of supervised release of 36 months remains unchanged, with modified conditions to follow herein based upon the nature of the offenses and defendant's history and characteristics. The criminal monetary penalties in this case have been satisfied. While on supervised release, defendant must not commit another federal, state, or local crime.  Defendant must not own, possess, or have access to a firearm, ammunition, destructive device or other dangerous weapon.  Defendant must, at the direction of the U.S. Probation Officer, cooperate with and submit to the collection of a DNA sample for submission to the Combined DNA Index System.  Further, defendant must not possess a controlled substance and must refrain from any unlawful use of a controlled substance.  Defendant must submit to one

drug test within 15 days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

**IT IS FURTHER ORDERED** that defendant shall abide by the following standard conditions of supervised release:

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS FURTHER ORDERED** that defendant shall abide by the following special conditions of supervised release:

1. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall successfully participate in a program of testing and treatment, to include inpatient treatment, for drug and alcohol abuse, at a treatment facility and on a schedule determined by the probation officer. The defendant shall abide by the policies and procedures of the testing and treatment program to include directions that the defendant undergo urinalysis or other types of drug testing consisting of no more than eight tests per month if contemplated as part of the testing and treatment program. The defendant shall waive any right of confidentiality in any records for drug and alcohol treatment to allow the probation officer to review the course of testing and treatment and progress with the treatment provider.

3. The defendant shall successfully participate in a program of mental health treatment and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will determine the treatment modality, location, and treatment schedule. The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant must pay the cost of the program or assist (co-payment) in payment of the costs of the program if financially able.

4. The defendant shall reside in a Residential Reentry Center (RRC), preferably in Turley, Oklahoma, for a period of up to 180 days, until an alternative residence is approved by the probation officer. While residing at the RRC, the defendant shall comply with all rules and procedures of the facility.

**IT IS SO ORDERED this 1st day of September, 2023**

TERENCE C. KERN
United States District Judge